ALAN HIMMELFARB- SBN 90480
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Los Angeles, California 90058
t: 323.585.8696
f: 323.585.6195
ahimmelfarb@kamberedelson.com

MICHAEL J. ASCHENBRENER (admitted *pro hac vice*)
KAMBEREDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois, 60654
t: 312.589.6379
f: 312.589.6378
maschenbrener@kamberedelson.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### AT SAN FRANCISCO

| | |
|---|---|
| CAMELLIA WALKER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MOTRICITY, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 09-CV-1316-MHP<br><br>**DECLARATION OF JAY EDELSON REGARDING FEES ASSOCIATED WITH MOTRICITY'S SECOND REMOVAL**<br><br>Judge:   The Honorable Marilyn Hall Patel |

**DECLARATION OF ATTORNEY JAY EDELSON**

I, Jay Edelson, hereby declare as follows:

1. I am a managing member of the law firm of KamberEdelson, LLC.

2. I am over the age of 18 and could competently testify if called to do so.

3. I am submitting this declaration in support of KamberEdelson's application for an award of attorneys' fees and expenses in connection with services rendered in this litigation, pursuant to this Court's June 19, 2009 Order granting Plaintiff all reasonable attorneys' fees and costs relating to Defendant Motricity, Inc.'s ("Motricity") second removal. The fees and expenses set forth in this declaration have not been the subject of any prior request, or prior award.

4. A true and accurate copy of the KamberEdelson firm resume is attached to this declaration as Exhibit 1.

5. KamberEdelson maintains a time keeping protocol, which the attorneys followed in this matter. All KamberEdelson attorneys are required to keep contemporaneous time records. Unrelated tasks must be separately accounted for and time entries are required to be sufficiently detailed so that an independent auditor can understand the type of work performed as described in each time entry. If work is performed for more than one case, our attorneys are instructed to divide the time amongst the respective cases. Our attorneys have the discretion to not record time spent in conferences, on short phone calls, reviewing or sending emails, etc.

6. KamberEdelson's billable rates are incorporated in the chart below. As a firm policy, we do not include time spent on projects later deemed unnecessary or excessive. We followed that rule in this case. Detailed time records are attached as Exhibit 2.

| Attorney | Hours Expended | Rate | Total |
| --- | --- | --- | --- |
| A. Himmelfarb | 5.3 | $495 | $2,623.50 |
| M. Aschenbrener | 21.8 | $315 | $6,835 |
| Law Clerks | 28.4 | $210 | $5,964 |
| Total: | 55.50 | | $15,422.50 |

7. Based on my experience in plaintiffs' class action litigation (in addition to three years doing complex commercial litigation and class action defense) and my knowledge of the billing rates of other firms in the area, I believe that KamberEdelson's rates are equal to, or less than, the average billable rates for attorneys of similar backgrounds and experience. In addition, other courts have reviewed and found that KamberEdelson's billable rates are reasonable. These

8. The activity in this case relevant to Motricity's second removal includes: thorough investigation of the facts and applicable laws; drafting a motion to remand with supporting memoranda; drafting a reply in support of the motion to remand, including supporting memoranda; drafting a motion to relate; and, conducting a Rule 26(f) conference.

rates are also the same rates we quote to prospective clients. Other than for pro bono work, we do not provide discounted rates.

9. During this case, my law firm also incurred costs of $210. This amount includes charges for the pro hac vice admission of Michael Aschenbrener. My firm does not generally charge for small copying charges, long distance telephone calls, Westlaw research charges, or other incidental costs; accordingly, these amounts are not included.

10. While the total fees (exclusive of costs) equals $15,422.50, we hereby ask the Court to award us exactly half that amount: $7,711.25.

11. My law firm also acts as counsel for another putative class action against Motricity in the Western District of Washington before Judge Pechman. *Rynearson v. Motricity*, 09-cv-393 MJP. *Rynearson* is a similar case containing similar claims. Motricity also removed the *Rynearson* matter a second time based on the same evidence as in this case. Just as here, Judge Pechman awarded Plaintiff fees and costs associated with litigating the second removal. Because of similarities in the cases, the issues were much the same in both cases. Accordingly, our request for fees in this case is much lower than in *Rynearson* ($38,173 total time; request for half that amount, $19,086.50) because our instant request takes into account the efficiencies involved in litigating this matter in two different courts.

12. I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated this the 2nd day of July, 2009.          s/ Jay Edelson
                                               Jay Edelson

REMOVAL FEE DECLARATION          3          Case No. 3:09-cv-1316-MHP

## Proof of Service

The undersigned certifies that on July 2, 2009, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party, listed below:

Alan Himmelfarb
Michael J. Aschenbrener
Stephen A. Chiari
David F. Gross
Scott K. Haynes
Russell B. Morgan

s/ Michael J. Aschenbrener
Michael J. Aschenbrener