**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAMELLIA WALKER, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> RUSSELL B. MORGAN; SCOTT K. HAYNES, <br><br> Appellants, <br><br> MOTRICITY, INC., a Delaware corporation, <br><br> Defendant - Appellant, <br><br> DAVID F. GROSS; STEPHEN A. CHIARI; DLA PIPER LLP (US), <br><br> Third parties. | No. 09-16532 <br><br> D.C. No. CV- 09-1316 MHP <br><br> MEMORANDUM[*] |
| CAMELLIA WALKER, individually and on behalf of a class of similarly situated individuals, | No. 09-16535 <br><br> D.C. No. CV-09-1316 MHP |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

|  |
|---|
| Plaintiff - Appellee, |
| v. |
| MOTRICITY, INC., a Delaware corporation, |
| Defendant, |
| DAVID F. GROSS; STEPHEN A. CHIARI; DLA PIPER LLP (US), |
| Third parties - Appellants. |

Appeals from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted June 17, 2010
San Francisco, California

Before:     SCHROEDER and TASHIMA, Circuit Judges, and STOTLER, Senior District Judge.[**]

    Defendant-appellant Motricity, Inc., and Motricity's counsel in the district court (collectively, "Appellants") appeal a portion of the sanctions imposed in conjunction with the district court's order granting the motion of plaintiff Camellia Walker to remand Walker's putative class action to state court. The sanctions were

---

[**]     The Honorable Alicemarie H. Stotler, United States District Judge for the Central District of California, sitting by designation.

imposed *sua sponte* without notice or hearing.  The sanctions were imposed
assertedly because Motricity removed the case for a second time without new
evidence.¹  The district court imposed monetary sanctions, as well as what the
parties refer to as a "notice sanction," which provided:

> Finally, in view of this repetitive and contemptuous conduct, the court orders that in all future cases where this defendant or these attorneys have removed or remove an action under CAFA defendant and/or counsel shall file a copy of this order with the court and serve it upon opposing counsel.

Appellants appeal only the notice sanction; thus, the monetary sanction is not
before us.  We have jurisdiction under 28 U.S.C. § 1291, *see Detabali v. St Luke's
Hosp.*, 482 F.3d 1199, 1204 (9th Cir. 2007), and we reverse.²

It is long-established law in this circuit that a district court abuses its
discretion when it imposes sanctions without first giving notice and an opportunity
to be heard.  *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir.
1999) ("Whenever the district court imposes sanctions on an attorney, it must at a
minimum, afford the attorney notice and an opportunity to be heard.").  Here, it is

---

¹ It is disputed whether or not the second notice of removal was based on new evidence.  Appellants take the position that, although the evidence they relied on in their second removal was technically before the court at the time it filed its first order of remand (because the evidence had been filed a day before the remand order), the first remand order could and should be read as having been made in ignorance of that evidence.  We need not resolve this dispute.

² We deny Appellants' request for judicial notice of certain documents filed in "other, related federal proceedings," because we do not reach the issue on which those documents bear.

undisputed that such notice and an opportunity to be heard were not afforded to Appellants.

Thus, the notice sanction portion of the district court's order remanding the case to state court is **REVERSED.** Each party shall bear his, her, or its own costs on appeal.